UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEROY HOLLAND,

                        Plaintiff,

        v.                                              Case No. 19-cv-539-pp

MILWAUKEE COUNTY POLICE
DEPARTMENT DISTRICT #5,

                        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

        The plaintiff, an inmate at the Jackson Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983 in which he alleges his constitutional rights were violated. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens that complaint, dkt. no. 1.

**I.      Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

        The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to let an incarcerated plaintiff proceed with his lawsuit without prepaying the civil case filing fee if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may

allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 29, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $0.05. Dkt. No. 7. The plaintiff filed a letter and documentation showing that his account balance was negative. Dkt. No. 9. The court will grant the plaintiff's motion to proceed without prepaying the filing fee, waive the initial partial filing fee and require the plaintiff to pay the $350 filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

Case 2:19-cv-00539-PP-WED   Filed 11/09/20   Page 2 of 12   Document 13

accepted as true, to "state a claim for relief that is plausible on its face."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows a court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. (citing

Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege

that someone deprived him of a right secured by the Constitution or the laws of

the United States, and that whoever deprived him of this right was acting

under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793,

798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d

824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by

plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720

(citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff alleges that on January 11, 2019, he was involved in a high-

speed chase. Dkt. No. 1 at 2. He says he was pursued by two police officers,

Anthony Milone and Chad Boyack. Id. The plaintiff says that when they

apprehended him in back of 4740 North 41st Street he stopped and placed his

hands behind his head. Id. One of the officers (he does not say who) tackled

him to the ground. Id. Then, multiple officers, including Milone and Boyack

and officers Nicholas Romeo, Eddie Tyrpak and Mark Dillman, began kicking

3

and punching the plaintiff while he was on the ground. Id. The plaintiff says

that he was "extremely devastated," and in fear for his safety and his life. Id. at

3. He indicates that he sustained multiple injuries and was hospitalized. Id.

He seeks $1,000,000 in damages and asks that the defendant be

required to pay his court fees. Id. at 4.

C.     Analysis

The only defendant the plaintiff named in the caption on the first page of

the complaint is "Milwaukee County Police Department District #5." Dkt. No. 1

at 1. The court assumes that the plaintiff means the *City of Milwaukee* Police

Department; there is no Milwaukee *County* police department (the county has a

sheriff's department). A police department cannot be sued under §1983. Under

Fed. R. Civ. P. 17(b), state law determines the capacity of an entity to sue or be

sued. Wis. Stat. §62.50 governs the City of Milwaukee's police department, and

it does not authorize the police department to sue or be sued. See Grow v. City

of Milwaukee, 84 F. Supp. 2d 990 (E.D. Wis. 2000) (abrogated on other

grounds by Driebel v. City of Milwaukee, 298 F.3d 622 (7th Cir. 2002)).

Further, because the police department is an agency of the City of Milwaukee,

it cannot be sued separate from the city. See Averhart v. City of Chi., 114 F.

App'x 246, 247 (7th Cir. 2004). The court will dismiss Milwaukee County Police

Department District #5 as a defendant.

Although the plaintiff did not name any other defendants in the caption

of his complaint, he says he would like to file charges for "police brutality." Dkt.

No. 1 at 3. The court believes that the plaintiff is claiming that the officers he

identified in the complaint violated his constitutional rights by using excessive force against him.

The Fourth Amendment applies to the plaintiff's claim because he alleges that the force occurred during his arrest. See Graham v. Connor, 490 U.S. 386, 394 (1989). The court reviews an excessive force claim under the Fourth Amendment's objective reasonableness standard. Dawson v. Brown, 803 F.3d 829, 833 (7th Cir. 2015). An official's force must not exceed the risk the plaintiff posed at the time. Id. (citing Padula v. Leimbach, 656 F.3d 595, 602 (7th Cir.2011)). The plaintiff claims that he had stopped and placed his hands on his head when one of the officers tackled him to the ground and all the officers named in the complaint—Milone, Boyack, Dillman, Romeo and Tyrpak—began kicking and punching him. The plaintiff implies that the officers tackled him, kicked him and punched him for no reason—he was not running or resisting at the time. At the screening stage, these allegations are sufficient to state a claim that the officer used more force against the plaintiff than was reasonable.

The Seventh Circuit has explained that if a plaintiff states a claim against a defendant who is not listed in the caption, the court can—and should—name that person or persons as a defendant. Donald v. Cook Cty. Sheriff's Dept., 95 F.3d 548, 556 (7th Cir. 1996). The court will add officers Milone, Boyack, Dillman, Romeo and Tyrpak as defendants, and will allow the plaintiff to proceed against them on a claim of Fourth Amendment excessive force.

5

The plaintiff also asks to "file charges" for "malfe[asa]nce, battery, intentional inflictions of emotional distress along with the intentional inflictions of severe mental anguish." Dkt. No. 1 at 3. These claims arise under state law. Courts may exercise what is called supplemental jurisdiction over state law claims that share "a common nucleus of operative facts" with a valid federal claim. Bailey v. City of Chi., 779 F.3d 689, 696 (7th Cir. 2015) (internal quotations and citation omitted); 28 U.S.C. §1367. Because the plaintiff's state law claims arise out the same set of facts, the court will screen those potential claims and exercise supplemental jurisdiction over the state law claims that the plaintiff sufficiently states in the complaint.

There is no specific Wisconsin cause of action for malfeasance. The word—which just means "wrongdoing—has been used in old versions of Wisconsin statutes to refer to various criminal statutes prohibiting various crimes—bribery of public officers, Wis. Stat. §946.10, or misconduct in public office, Wis. Stat. §946.12. It also has been used to refer to forfeitures imposed on various officials for neglecting their duties, see, *e.g.*, Wis. Stat. §§59.15, 778.16, and the prohibition against elected school board members having interest in any property bought or sold for use by the schools, Wis. Stat. §119.66. The court will not allow the plaintiff to proceed on a claim of "malfeasance."

Wisconsin does recognize the torts of battery and intentional infliction of emotional distress.[1] To state a claim for battery, the plaintiff must allege that the defendants intentionally caused "offensive contact" without his consent. WIS JI–CIVIL 2005.5 (2015). The plaintiff alleges that the officers punched and kicked him while he was on the ground. This is sufficient to state a claim for battery.

To state a claim for intentional infliction of emotional distress, the plaintiff must allege that "(1) the defendant intended to cause emotional distress by his or her conduct; (2) that the conduct was extreme and outrageous; (3) that the 'conduct was a cause-in-fact of the plaintiff's emotional distress; and (4) that the plaintiff suffered an extreme disabling response to the defendant's conduct.'" Terry v. Journal Broadcast Corp., 351 Wis. 2d 479, 515 (Ct. App. 2013) (quoting Rabideau v. City of Racine, 243 Wis. 2d 486 (Wis. 2001)). Construing the plaintiff's complaint liberally, as the court must, the court finds that the plaintiff has stated a claim. It infers from the plaintiff's allegations that he had his hands above his head when the officers seized him, that he was on the ground when the punching and kicking began, that the defendants intended to cause him emotional distress and that the conduct was extreme. The plaintiff says he suffered "extreme devastation" as a result of the incident; the court infers that the conduct caused his emotional distress and

---

[1] The plaintiff says he wants to bring a claim for "intentional [infliction] of mental anguish." Wisconsin doesn't recognize such a cause of action, but it seems the plaintiff's claim for intentional infliction of emotional distress would cover the same territory.

that he suffered an extremely disabling response to the conduct. At the screening stage, the court will allow the plaintiff to proceed against the officers on a claim of intentional infliction of emotional distress.

### III.  Letter from the Plaintiff (Dkt. No. 10)

About three months after the plaintiff filed his compliant, the court received a letter from him. Dkt. No. 10. The seven-page letter starts out by asking the court to read it and ensure that his rights are not being violated. <u>Id.</u> at 1. As best the court can tell, the letter concerns the plaintiff's state extended supervision and a revocation proceeding that began in April 2019. <u>Id.</u> at 3–6. It appears that after failing to pay the restitution he owed (an amount decided at a hearing the plaintiff says he didn't know about), officials tried to have his extended supervision revoked. <u>Id.</u> at 3. After witnesses failed to appear, the administrative law judge dismissed all the allegations, save for one, at the hearing. <u>Id.</u> State officials appealed that decision, and the plaintiff seems to be saying he was revoked in a case where he'd already completed his supervision. <u>Id.</u> at 4. He complains that he is being falsely imprisoned, that he could not be forced to testify against himself and that his due process and equal protection rights were violated. <u>Id.</u> at 4–7. He attached several documents from state cases; some of them have handwritten notes and comments on them. Dkt. No. 10-2.

The court cannot give the plaintiff legal advice. If the plaintiff believes that someone has done something to violate his constitutional rights, he may file a lawsuit against that person—just like he filed a lawsuit against the

officers here. But he cannot simply write to a judge and ask for the judge's views on whether he has a claim.

Nor can the plaintiff add allegations from the letter to his complaint in this case. The allegations in the letter have nothing to do with the allegations in his complaint—they do not involve the same events or the same dates or the same people. "Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, if the plaintiff believes that he is being held illegally, or is seeking release from custody, he cannot obtain relief by filing a civil rights complaint under §1983; prisoners cannot challenge the fact or duration of their confinement under §1983. Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). If a prisoner believes that he is being confined illegally, he must file a petition for a writ of *habeas corpus*, not a lawsuit under §1983.

The court will take no further action on the plaintiff's letter.

### III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DISMISSES** the Milwaukee County Police Department District #5 as a defendant.

The court **ADDS** Anthony Milone, Chad Boyack, Mark Dillman, Nicholas Romeo and Eddie Tyrpak as defendants and **DIRECTS** the Clerk of Court to add those defendants to the docket.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendants Milone, Boyack, Dillman, Romeo and Tyrpak under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Milone, Boyack, Dillman, Romeo and Tyrpak to file a responsive pleading to the complaint.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$350** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

10

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court will issue a separate order **REFERRING** this case to Magistrate Judge Duffin for pretrial proceedings.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

clerk of court of any change of address. The court also advises the plaintiff that

it is his responsibility to promptly notify the court if he is released from custody

or transferred to a different institution. The plaintiff's failure to keep the court

advised of his address may result in the court dismissing this case without

further notice.[3]

The court will include a guide prepared by court staff to address common

questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner

Litigants' Common Questions," this guide contains information that the

plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 9th day of November, 2020.

BY THE COURT:

_____

HON. PAMELA PEPPER
Chief United States District Judge

---

[3] The last time the court got a change of address notice from the plaintiff is
when he was transferred to Dodge Correctional. Dkt. No. 11. The Wisconsin
Department of Corrections Inmate Locator shows that he's now at Jackson
Correctional, but he has never notified the court of that fact.